**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **EDWARD CRUZ,** ***on behalf of himself and all those similarly situated,***<br>943 W Liberty Street<br>Allentown, PA 18102<br><br>**Plaintiff,**<br>**vs.**<br><br>**WERNER BUS LINES, INC.**<br>144 Chester Ave.<br>Phoenixville, PA 19460<br><br>**Defendant.** | **INDIVIDUAL AND CLASS ACTION COMPLAINT**<br><br>**Civ. A. No.:**<br><br>**JURY DEMAND** |

## INDIVIDUAL AND CLASS ACTION COMPLAINT

Plaintiff Edward Cruz ("Named Plaintiff"), on behalf of himself and those similarly situated ("Class Plaintiffs"), by and through undersigned counsel, hereby complain as follows against Defendant Werner Bus Lines, Inc. (collectively, "Defendant").

## INTRODUCTION

1. Named Plaintiff initiates the instant action to redress Defendant's violations Fair Credit Reporting Act ("FCRA"). Named Plaintiff and Class Plaintiffs were the subject of consumer reports obtained by Defendant as a condition of continued employment with Defendant. As a result of Defendant's unlawful actions, Named Plaintiff and Class Plaintiffs have been harmed.

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Named Plaintiff and Class Plaintiffs' federal claims because this civil action arises under a law of the United States and seeks redress for violations of a federal law, 15 U.S.C. § 1681p.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein as if set forth in full.

6. Named Plaintiff is an adult individual residing at addresses set forth in the above caption.

7. Defendant is a corporation headquartered at the address set forth in the above caption. Defendant conducts business throughout the United States.

8. Defendant is engaged in business of providing transportation services throughout the United States.

9. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## CLASS ACTION ALLEGATIONS

10. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

11. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005, Named Plaintiff brings this claims for relief on behalf of themselves and those similarly situated.

12. Specifically, Named Plaintiff seeks to represent a class of all individuals residing in the United States who applied for employment with Defendant during the period provided by 15 U.S.C. § 1681p via facsimile, telephone, electronic mail, regular mail, or other similar means, and about whom, during the application process Defendant procured a consumer report without first notifying those individuals verbally, electronically, or in writing that they have a right to obtain a free copy of the consumer report from the consumer reporting agency within 60 days, and also have a right to dispute the accuracy or completeness of any information in the consumer report directly with the consumer reporting agency.

13. The putative class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be in the thousands.

14. Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all Class Plaintiffs, was similarly affected by Defendant's unlawful conduct in violation of the FCRA.

15. Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the Class Plaintiffs. Named Plaintiff has retained counsel with substantial experience in the

prosecution of class actions.

16. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

17. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendant.

18. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are: 1) whether Defendant violated 15 U.S.C. § 1681b(b)(3)(A) by failing to provide the employee with notice of the intention to take an adverse action in part based upon the contents of a consumer report, along with a copy of the report; 2) whether Defendant violated 15 U.S.C. § 1681b(b)(3)(B) by failing to provide the employee with notice that an adverse action was taken in part or in whole based upon the contents of a consumer report, along with a copy of the consumer's rights in relation to same; and 3) whether Defendant willfully failed to comply with the requirements imposed by 15 U.S.C. § 1681b(b)(3)(A) or 15 U.S.C. § 1681b(b)(3)(B).

19. Therefore, Named Plaintiff should be permitted to bring this action as a class action for and on behalf of themselves and those employees similarly situated, pursuant to Federal Rule of Civil Procedure 23.

## FACTUAL BACKGROUND

20. The foregoing paragraphs are incorporated herein as if set forth in full.

21. Among other things, the FCRA regulates the collection, maintenance, and disclosure of job consumer's personal information by consuming reporting agencies, including public record information.

22. Under the FCRA, consumer reports include those which are written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for employment.

23. An employer, like Defendant, must comply with FCRA mandates, conditions, procedures, and limitations on both the procurement and use of consumer reports to determine a consumer's eligibility for employment.

24. Upon information and belief, Defendant purchases consumer reports regarding its employees from a consumer reporting agency as defined by 15 U.S.C. § 1681a, and uses these consumer reports as a basis for taking adverse action against said applicants.

25. The FCRA mandates that, prior to taking any adverse employment action, an employer provide an employee a "pre-adverse" action notice. Such notice must include the following (hereinafter collectively the "Pre-Adverse Action Notices"):

a. A copy of the consumer report relied upon; and

b. A summary of the employer's rights.

15 U.S.C. § 1681b(b)(3)(A).

26. The basis for this requirement is to provide employees with the opportunity to discuss the report with the employer prior any adverse action being taken.

27. The FCRA further mandates that if an employer like Defendant takes adverse action based in whole or in part on a consumer report, the employer must provide notice including the following (hereinafter collectively "the Adverse Action Notices"):

a. The adverse action was taken based in part or in whole on a consumer report;

b. The name, address, and telephone number of the consumer reporting agency that furnished the report;

c. That the consumer reporting agency did not take the adverse action and is unable to provide the specific reasons why the action was taken; and

d. That the consumer may, upon providing proper identification, request a free copy of the consumer report and dispute the accuracy directly with the consumer reporting agency.

15 U.S.C. § 1681b(b)(3)(B).

28. The Adverse Action Notices must be provided to the employee within three business days of the adverse action.

29. Furthermore, if an employee requests a copy of the consumer report within 3 business days of receiving the Adverse Action Notices, Defendant must provide the consumer report, as well as a copy of the consumer's rights with regard to same.

30. Defendant does not provide the required Pre-Adverse Action Notices to

individuals prior to terminating same on the basis of information contained in a consumer report.

31. Defendant does not provide the required Adverse Action Notices to employees who are terminated in whole or in part on the basis of information contained in a consumer report.

32. Defendant's violations of the FCRA have been willful, wanton, and reckless in that Defendant knowingly or recklessly disregarded its statutory duty to comply with the requirements of the FCRA.

33. Indeed, the FCRA's requirements have been the subject of many federal and appellate decisions (many of which involve trucking companies and HireRight), and have been described in several widely publicizes interpretative decisions by the Federal Trade Commission.

34. The 15 U.S.C. § 1681n(a) permits a consumer to recover statutory and punitive damages, along with attorney fees and costs for willful violations of the FCRA.

**Facts Specific to Named Plaintiff Cruz**

35. The foregoing paragraphs are incorporated herein as if set forth in full.

36. In or around mid-February, Named Plaintiff Edward Cruz began working Plaintiff as a motor coach operator.

37. Pursuant to the hiring process, Defendant required Named Plaintiff to sign an authorization and disclosure form providing Defendant permission to solicit information regarding his background.

38. Following his application for employment, in or around February 2026, Defendant hired Named Plaintiff.

39. From February 19, 2026 until February 25, 2026, Named Plaintiff participated in Defendant's training program.

40. Named Plaintiff contemplated beginning a position as a motor coach driver following completion of the training program.

41. On February 25, 2026, Named Plaintiff was verbally advised that he was terminated due to his "background check."

42. At no time did Defendant provide Named Plaintiff with any paperwork related to the background check upon which it based its termination.

43. Prior to the termination, Defendant failed to provide Named Plaintiff with the FCRA's required Pre-Adverse Action Notices.

44. Furthermore, at no time after taking adverse action did Defendant provide Named Plaintiff with the FCRA's required Adverse Action Notices.

45. At all times pertinent hereto, Defendant's conduct, as well as that of its agents, servants, and/or employees, was intentional, willful, and in reckless disregard of federal laws and the rights of Named Plaintiff and the putative class members.

**COUNT I**
**Violations of the Fair Credit Reporting Act**
**(Failure to provide Pre-Adverse Action Notice - 15 U.S.C. § 1681b(b)(3)(A)**

46. The foregoing paragraphs are incorporated herein as if set forth in full.

47. Named Plaintiff and Class Plaintiffs are "consumers" as defined by the FCRA 15 U.S.C. §1681a(c).

48. Defendant is a "person" as defined by the FCRA 15 U.S.C. §1681a(b).

49. The FCRA requires any person using a consumer report for employment purposes to provide the consumer to whom the report relates, a copy of the Pre-Adverse Action Notices (as set forth above), **before** taking an adverse action that affects the employee.

50. Defendant willfully violated 15 U.S.C. § 1681b(b)(3)(A) of the FCRA by failing

to provide Named Plaintiff and Class Plaintiffs the Pre-Adverse Action Notices before taking adverse action based upon the information contained in a consumer report.

51. Alternatively, Defendant negligently violated 15 U.S.C. § 1681b(b)(3)(A) of the FCRA by failing to provide Named Plaintiff and Class Plaintiffs the Pre-Adverse Action Notices before taking adverse action based upon the information contained in a consumer report.

52. As a result of Defendant's actions, Named Plaintiff and Class Plaintiffs were denied sufficient time to review and dispute the report before Defendant took adverse action with regard to their employment and/or application for employment.

53. Named Plaintiff and Class Plaintiffs seek statutory damages for these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

54. Named Plaintiff and Class Plaintiffs also seek punitive damages, attorney fees and costs for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

55. To the extent Defendant's conduct is deemed negligent under 15 U.S.C. § 1681o, Named Plaintiff and Class Plaintiffs seek issue certification of such negligence only under Fed.R.Civ.P.23(c)(4).

**COUNT II**
**<u>Violations of the Fair Credit Reporting Act</u>**
**(Failure to Provide Adverse Action Notice - 15 U.S.C. § 1681b(b)(3)(B)**

56. The foregoing paragraphs are incorporated herein as if set forth in full.

57. The FCRA requires any person who takes an adverse action in whole or in part on the basis of a consumer report provide to the employee Adverse Action Notices (as set forth above) within 3 business days of the adverse action.

58. Defendant willfully violated 15 U.S.C. § 1681b(b)(3)(B) of the FCRA by failing to provide Named Plaintiff and Class Plaintiffs the required Adverse Action Notices following an

adverse action taken on the basis of information contained in a consumer report.

59. Alternatively, Defendant negligently violated 15 U.S.C. § 1681b(b)(3)(A) of the FCRA by failing to provide Named Plaintiff and Class Plaintiffs the required Adverse Action Notices following an adverse action taken on the basis of information contained in a consumer report.

60. As a result of Defendant's actions, Named Plaintiff and Class Plaintiffs were denied sufficient time to review and dispute the report before Defendant took adverse action with regard to their employment and/or application for employment.

61. Named Plaintiff and Class Plaintiffs seek statutory damages for these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

62. Named Plaintiff and Class Plaintiffs also seek punitive damages, attorney fees and costs for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

63. To the extent Defendant's conduct is deemed negligent under 15 U.S.C. § 1681o, Named Plaintiff and Class Plaintiffs seek issue certification of such negligence only under Fed.R.Civ.P.23(c)(4).

**WHEREFORE**, Named Plaintiff and Class Plaintiffs respectfully pray for the following relief:

A. An order certifying the proposed class herein pursuant to Fed. R. Civ. P. 23(b)(3) and appointing the undersigned counsel to represent same;

B. An order declaring that Defendant's actions as described above are in violation of the FCRA;

C. Judgment against Defendant for statutory damages in an amount of not less than $100.00 and not more than $1,000.00 per violation per Class Member, pursuant to 15 U.S.C. § 1681n(a);

D. Judgment against Defendant for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

E. Alternatively, an order certifying Defendant's conduct as negligent pursuant to Fed. R. Civ. P. 23(c)(4);

F. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n; and

G. Named Plaintiff and Class Plaintiffs' claims are to receive a jury trial.

Respectfully Submitted,

**SWARTZ SWIDLER, LLC**

*/s Manali Arora*
Manali Arora, Esq.
9 Tanner St. Ste 101
Haddonfield, NJ 08033
Tel: 856-685-7420
Fax: 856-685-7417
E-mail: marora@swartz-legal.com
*Attorneys for Plaintiffs*

Dated: April 14, 2026